**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN-MODIFIED**
**AND RELATED MOTIONS**

Name of Debtor(s):   **Jeremiah C Morris**
                    **Demetria S Morris**                         Case No:  08-62563

This plan, dated __01/30/09__, is:

☐ the *first* Chapter 13 plan filed in this case.
☒ a modified plan, which replaces the plan dated __September 15, 2008__.

Date and Time of Modified Plan Confirming Hearing:
WEDNESDAY, APRIL 1, 2009, AT 10:00 A.M.

Place of Modified Plan Confirmation Hearing:
U.S. BANKRUPTCY COURT, U.S. POST OFFICE AND FEDERAL BUILDING
THIRD FLOOR, ROOM 309, 700 MAIN STREET DANVILLE, VA

The plan provisions modified by this filing are:
PAGE 1; PARAGRAPH NO(S): 1, 3a, 3b, 3c, 4A, 11
NOTE: THIS MODIFIED PLAN IS PROVIDING FOR THE DEBT OWED TO LEASE & RENTAL AND SCHEWEL PER FILED P/C; CHANGE THE TREATMENT OF KELLY RENTALS; CHANGE FMV OF VEHICLE THAT CENRIX (**Credit Union 1 Flatiron Fin Svcs);** CHANGE INTEREST TO BE PAID TO THE GENERAL UNSECURED NON-PRIORITY CREDITORS FROM 13 % TO 9%;
AND CHANGE THE TOTAL  AMOUNT TO BE PAID IN THE PLAN.

Creditors affected by this modification are:
ALL CREDITORS

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$38,795.12**
Total Non-Priority Unsecured Debt: **$35,979.41**
Total Priority Debt: **$6,135.72**
Total Secured Debt: **$48,887.00**

**NOTE TO ALL SECURED CREDITORS: IF THE DEBTOR(S) BECOMES DELINQUENT IN THEIR DIRECT PAYMENTS, THEN THE SECURED CREDITORS MAY CONTACT THE DEBTOR FOR THE DIRECT PAYMENTS WITH A COPY OF CORRESPONDENCE BEING SENT TO TRUSTEE AND COUNSEL FOR DEBTORS**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of $755.00 x 56 months=$42,280.00.

    Other payments to the Trustee are as follows: **PAYMENTS RECEIVED BY TRUSTEE AS OF 1-30-09:$1,906.00**.

    The total amount to be paid into the plan is $ **44,186.00**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

       1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
       2. Debtor(s)' attorney will be paid $ **2,374.00** balance due of the total fee of $ **2,500.00** concurrently with or prior to the payments to remaining creditors. SEE PARAGRAPH NO. 11 FOR ATTORNEY FEES

    B. **Claims under 11 U.S.C. §507.**
       The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **-Internal Revenue Service** | Taxes | $2,464.19 | prorata |
| **NC Dept of Revenue** | Taxes | 3,293.90 | prorata |
| **Pittsylvania Treasurer** | Taxes | 377.63 | prorata |

3. **Secured Creditors and Motions to Value Collateral.**

   This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

    A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| **-SCHEWELS** | FURNITURE | 1-2007 | $615.79 per p/c | 6% | $27.29 X 24 MO |
| **LEASE & RENTAL** | JAGUAR | 5-2007 | $13,358.62 per p/c | 6% | $278.41 x 55 mo |
| **JACKSON ENT.** | VACCUM | 4-2008 | $550.00 | 6% | $24.38 X 24 mo |
| **AARON SALES** | LAPTOP | 2006 | $260.00 | 6% | $11.52 x 24 mo |
| **KELLY RENTALS** | IPODS | 8-2008 | $0.00 debt paid in full on 11-2008 | n/a | n/a |

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

**B.  Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt& Estimate Term** |
|---|---|---|---|---|---|
| -CENTRIX c/o Credit Union 1 Flatiron Fin Svcs | CARAVAN | 5-2005 | $8,425.00 | 6% | $175.79 X 55 MO |

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

**C.  Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| AUTO VILLA | 2001 MAXIMA | $6,000.00 | N |
| VANDERBILT MTG | MOBILE HOME | $19,707.72 PER P/C | N |

**4.  Unsecured Claims.**

**A.  Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately  **9**  %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately  **-0-**  %.

**B.  Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.  Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

**A.  Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below. SEE PARAGRAPH 11 FOR ATTORNEY FEES.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE | | | | | | |

Page 3

**B.  Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**6. Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

**A.  Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

**B.  Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -Marshall Real Estate | house rental-where we live payment:$850.00 | -0- | -0- | n/a |

**7. Motions to Avoid Liens.**

**A.  The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.  Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8. Treatment of Claims.**

- •? All creditors must timely file a proof of claim to receive payment from the Trustee.
- •? If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- •? If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9. Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037       Best Case Bankruptcy

**10.      Incurrence of indebtedness.**  During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.      Other provisions of this plan:**

ATTORNEYS FEES NOTED IN PARAGRAPH 2A SHALL BE APPROVED ON THE CONFIRMATION DATE UNLESS PREVIOUSLY OBJECTED TO. NOTWITHSTANDING THE FOREGOING, THE ATTORNEYS FEES NOTED IN PARAGRAPH 2A SHALL NOT BE PAID BY THE TRUSTEE PRIOR TO DOMESTIC SUPPORT OBLIGATIONS AS DEFINED BY BANKRUPTCY CODE 507(a)(1)(A)AND DISCLOSED IN PARAGRAPH 2B OF THIS PLAN BUT WILL BE PAID PRO RATA WITH SAID DOMESTIC SUPPORT OBLIGATIONS.

A. **ADEQUATE PROTECTION** UNLESS OTHERWISE ORDERED, ALL ADEQUATE PROTECTION PAYMENTS FOR CREDITORS LISTED UNDER PARAGRAPH 3A, 3B, 11A, OR 11B OF THIS PLAN AND REQUIRED BY 11 U.S.C. SECTION 1326(a)(1) SHALL BE MADE DIRECTLY BY THE TRUSTEE. THE AMOUNT TO BE PAID AS ADEQUATE PROTECTION SHALL BE 1% OF THE VALUE OF THE COLLATERAL (AS NOTED BELOW). PAYMENT OF THE ADEQUATE PROTECTION PAYMENT WILL BE MADE TO CREDITORS THAT HAVE FILED ALLOWED SECURED AND THE PAYMENT OF ANY SUCH AMOUNT WILL BE APPLIED IN ADDITION TO THE PAYMENT OF THE UNDERLYING SECURED CLAIM THAT IS BEING PAID BY THE TRUSTEE PURSUANT TO PARAGRAPHS 3A, 3B, AND/OR 11A OR 11B.

| Creditor | Collateral Description | Collateral Value | Adequate Protection Payment |
|---|---|---|---|
| SCHEWEL | FURNITURE | $700.00 | $7.00 monthly, to be paid until confirmation |
| LEASE AND RENTAL | JAGUAR | $6,000.00 | $60.00 monthly, to be paid until confirmation |
| JACKSON ENTERPRISES | VACCUM | $500.00 | $5.00 monthly, to be paid until confirmation |
| CENTRIX | DOD. CARAVAN | $8,425.00 | $84.25 monthly, to be paid until confirmation |
| AARON SALES | LAPTOP | $500.00 | $5.00 monthly, to be paid until confirmation |

B. **ADDITIONAL ADEQUATE PROTECTION**
ADDITIONAL PROTECTION ALSO CONSISTS OF THE FOLLOWING IN THIS CASE:
  x   THE DEBTOR'S PAYMENT REQUIRED BY PARAGRAPH 1 SHALL BE MADE TO THE TRUSTEE BY WAGE DEDUCTION.
  x   INSURANCE WILL BE MAINTAINED ON ALL VEHICLES SECURING CLAIMS TO BE PAID BY THE TRUSTEE PURSUANT TO PARAGRAPHS 3A, 3B, 5B, 11A OR 11B.
 x   EACH SECURED CREDITOR, IF ANY, MAY CONTACT THE DEBTOR DIRECTLY CONCERNING PROOF OF FUTURE INSURANCE COVERAGE AND MAINTENANCE OF THE SAME, CONCERNING ASSETS THAT THE DEBTOR'S RETAIN.

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

**Signatures:**

**Dated:** 01/30/09

| | |
|---|---|
| **/s/ Jeremiah Morris** | **/s/ RR Yancey** |
| | **Reginald R. Yancey** |
| **Debtor** | **Debtor's Attorney** |
| **/s/ Demetria S Morris** | |
| **Joint Debtor** | |

Certificate of Service

I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Certification Sheet.

**/s/**

Signature

**Reginald R. Yancey, V.S.B. 17958**
**PO Box 11908**
**Lynchburg, VA 24506**

Address

**(434) 528-1632**

Telephone No.

Ver. 06/28/06 [effective 09/01/06]

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037    Best Case Bankruptcy